THE WESTERN WHEEL SCRAPER COMPANY v. LEWIS D. LOCKLIN ET AL.

| 100 | 339 |
| d158 | 255 |

*Bills and notes—Several liability of makers.*

An agreement by which 20 of the residents of certain road districts promise to pay to the order of a corporation, engaged in the manufacture and sale of machines for grading and repairing highways, a specified sum at a given date as the first payment for a road grader, which they have purchased of the payee, in proportion to the road tax in said road districts on lands then owned and occupied by them, creates a separate, and not a joint, liability on their part.

Error to Montcalm. (Smith, J.) Submitted on briefs April 13, 1894. Decided May 18, 1894.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*George H. Cagwin (FitzGerald & Barry, of counsel)*, for
appellant.

*J. C. Blanchard (Vosper Bros.*, of counsel)*, for defend-
ants.

GRANT, J.    The plaintiff is an Illinois corporation,
engaged in manufacturing and selling road scrapers and
other machines for grading and repairing highways.    The
defendants are, respectively, residents of three different
road districts of the township of Crystal.    Plaintiff sold
and delivered to the defendants one of its machines for
the sum of $235, to be paid in five annual installments of
$47 each.    Five promissory notes were given.    This suit is
based upon the first note, which was signed by each and
all of the defendants, and reads as follows:

"WESTERN WHEEL SCRAPER CO.'S CONTRACT FOR
DISTRICTS.

"$47.00.                                        Aug. 12, 1889. '

"June 1, after date, we, residents of districts Nos. 1,
11, and 6, in Crystal township, Montcalm county, Mich.,
promise to pay to the order of Western Wheel Scraper Co.
$47, with interest at 6 per cent. per annum after May 1,
1890, at the Carson City Savings Bank, Carson City,
Mich., for value received, first payment for one Western
Reversible Road Grader, to be paid by us in proportion to
road tax in above-mentioned districts on lands and prop-
erty which we now own and occupy in said districts, on
which we now pay road tax."

The sole question is whether this note imposes a joint
or a several liability.    We think that but one construction
can be placed upon this instrument.    Each maker thereby
agreed to pay the amount found due in proportion to his
road tax.    Plaintiff's counsel argue that it is unreasonable
and incredible that a business corporation should assume
the determination of the amount due from each maker,
and contemplate the bringing of 20 suits to collect the

amount. If this be true, it would seem equally unreasonable and incredible that each maker contemplated his individual liability for the entire amount, and the bringing of 19 other suits to enforce contribution. There is no ambiguity on the face of the instrument. It creates a separate, and not a joint, liability.

Judgment affirmed.

The other Justices concurred.